IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ANDREW WILLIAM MULKERIN Chapter 13 Debtor, | : | Case Nos. 1:25-cv-02077-JKM |
| | : | 1:25-cv-02106-KJM |
| Appellant | : | |
| | : | Judge Julia K. Munley |
| v. | : | |
| | : | |
| LEROY A. KING, JR. | : | |
| | : | |
| Appellee | : | |
| | : | |

**APPELLEE, LEROY A. KING, JR.'S MOTION TO DISMISS APPEAL**

And now comes, Leroy A. King, Jr., by and through undersigned counsel and respectfully moves this Court to dismiss the above captioned bankruptcy appeal because the underlying bankruptcy 1:25-bk-01575-HWV was dismissed on January 7, 2026 for failure to file necessary tax returns, rendering the appeal moot. In support thereof, Appellee states the following:

**I.      Procedural Background**

1.      This appeal arises from an order of the United States Bankruptcy Court for the Middle District of Pennsylvania entered on October 22, 2025, overruling Appellants Objection to Claim No. 3-1 filed by Appellee, Leroy A. King, Jr. [Doc. 289]

2.      Appellant filed a Notice of Appeal on November 5, 2025 [Doc. 324] (the "Appeal").

3.      Appellant has filed his Designation of the Record on Appeal [Doc. 327] and Statement of Issues [Doc. 326] and Appellant has filed his Counter Designation of the Record on Appeal [Doc. 362] and Counter Statement of Issues [Doc.363].

4.        Subsequent to the filing of the Appeal, the Bankruptcy Court entered an Order [Doc. 329] on January 7, 2026 dismissing the underlying bankruptcy case due to the Debtor's failure to file tax returns for the years 2021 through 2024. A true and correct copy of the Bankruptcy Court's November 5, 2025 Order to Show Cause and January 7, 2026 Dismissal Order are attached hereto as Exhibit A.

5.        The underlying bankruptcy case is Appellant's fourth personal filing since November of 2023, making him well aware of the need for tax returns to be filed prior to filing for bankruptcy.

6.        Moreover, Appellant has been barred from filing for bankruptcy for 365 days from the date of the Bankruptcy Court's January 7, 2026 Order because of his continued failure to comply the Bankruptcy Code.

## II.    The Appeal is Moot Due Because of Dismissal of Bankruptcy Case

7.        Federal courts lack jurisdiction to decide moot controversies. In re Knaak, 825 F. App'x 83, 86 (3d Cir. 2020) *citing* Chafin v. Chafin, 568 U.S. 165, 171, 133 S.Ct. 1017, (2013) ("Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies'" meaning, a court may not decide questions that cannot affect the rights of litigants in the case before it).

8.        A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." County of L.A. v. Davis, 440 U.S. 625, 631 (1979). *See also* In re Knaak, 825 F. App'x 83, 86 (3d Cir. 2020) *citing* Chafin, at 172 ( Holding that a case "becomes moot only when it is impossible for a court to grant any effectual relief what[so]ever to the prevailing party.").

9. An issue is no longer "live" if the reviewing court is incapable of rendering effective relief or restoring the parties to their original position. Church of Scientology v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, (1992). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief what[so]ever' to a prevailing party, the appeal **must** be dismissed." Id (emphasis added); See also In re Statistical Tabulating Corp., Inc., 60 F.3d 1286, 1289–90 (7th Cir.1995) ("the dismissal of a bankruptcy case normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings"); In re Lincoln, 630 B.R. 794 (8th Cir. 2021) ("Once a bankruptcy case is dismissed, issues on appeal relating to the dismissed bankruptcy case are rendered moot").

10. When a bankruptcy case is dismissed for failure to file required tax returns under 11 U.S.C. § 521, an appeal from an order regarding an objection to a claim becomes moot and should be dismissed. The elimination of the bankruptcy estate makes it impossible for an appellate court to grant effective relief regarding claims against a non-existent estate. See In re Roberts, 291 F. App'x 296, 299 (11th Or.2008) ("We conclude that the dismissal of [the debtor's] Chapter 13 bankruptcy case rendered moot [the appellant's] appeal from the bankruptcy court's order disallowing his proof of claim and dismiss that appeal."); In re Koo, No. BAP CC-12-1558, 2013 WL 5460138, at *1 (B.A.P. 9th Cir. Oct. 1, 2013) ("If the bankruptcy estate no longer exists, then the court need not resolve an objection to a proof of claim that seeks a distribution against the (now) non-existent bankruptcy estate."). In re Castillo, No. TDC-14-0924, 2015 WL 789095, at *4

(D. Md. Feb. 23, 2015) ("In the context of bankruptcy proceedings, courts have specifically recognized that once the bankruptcy case is dismissed, there is no longer any reason to resolve a dispute over a proof of claim.").

11. Any possibly purported "ancillary issue" exception would be unsuccessful because claim allowance is directly tied to estate administration and distributions. Courts take a restrictive view of the ancillary exception, and claim objection orders do not qualify because they are directly tied to the administration of the estate and distribution of assets. In re Sundaram, 9 F.4th 16 (1st Cir. 2021). *See also*, Monahan v. Massachusetts Department of Revenue, 215 B.R. 287 (D. Mass. 1997) *citing* In re Murray, 116 B.R. 6, 7-8 (D.Mass. 1990) (holding No final Order exists for an appeal unless the outcome directly affects the disposition of an estate's assets). Here there can be no effect on the Debtor's estate as none exists because there is no case.

12. Here, Appellant's stated issues on appeal target the prima facie validity of the claim, burden shifting, credits, preclusion, and evidentiary management—all core claim-allowance matters that depend on the existence of an estate and a distribution scheme.

13. Since those issues afford no effectual relief upon dismissal of the underlying Bankruptcy Case for tax return noncompliance, the appeal is constitutionally moot and must be dismissed.

**WHEREFORE,** for the foregoing reasons, Appellee respectfully requests that the Court:

a. Dismiss this appeal as constitutionally moot;

b. Deny all pending appellate relief sought by Appellant as moot; and

c. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted:
        CUNNINGHAM, CHERNICOFF
        & WARSHAWSKY, P.C.

By:    /s/ Robert E. Chernicoff
        Robert E. Chernicoff, Esquire
        Attorney I.D. No. 23380
        2320 North Second Street
        P. O. Box 60457
        Harrisburg, PA 17106-0457
        (717) 238-6570
        rec@cclawpc.com

Date: