IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re: ANDREW WILLIAM MULKERIN : CIVIL ACTION NO. 1:25-CV-2077
: 
: **(Judge Neary)**

## ORDER

As an Article III court, this tribunal is one of limited jurisdiction. It can only hear live cases and controversies. Chafin v. Chafin, 568 U.S. 165, 171-72 (2013). This means once it becomes impossible for a court to grant any effective relief, a case becomes moot and it must be dismissed. Id. at 172.

In this case, appellant Andrew William Mulkerin, proceeding *pro se*, filed three notices of appeal challenging three interlocutory decisions of the bankruptcy court. Specifically, he appeals the denial of his objection to a claim filed by claimant Leroy A. King, Jr., (Docs. 289, 324); the denial of his motion to convert his bankruptcy case to a Chapter 11 case, (Docs. 281, 296); and a denial of a motion for examination of certain documents of his creditors. (Docs. 404, 419).[1] However, on January 7, 2026, Chief Bankruptcy Judge Henry W. Van Eck dismissed Mulkerin's bankruptcy proceeding. (Doc. 476). The time to appeal that order has come and gone. FED. R. BANKR. P. 8002(a)(1) (giving a party 14 days to file a notice of appeal). As such, Chief Judge Van Eck's order dismissing the case is final and this court would be without jurisdiction to review that decision.

---

[1] The documents cited on this page are from Mulkerin's bankruptcy case at the bankruptcy court's docket No. 1:25-bk-1575.

Because his bankruptcy case has been closed, Mulkerin no longer has any legal interest in the specific claims of his creditors, in what chapter was governing his proceeding, or to any documents of his creditors. Even if the court were to grant him relief on these collateral orders, such relief would be meaningless as the underlying case has been closed. Therefore, this court must dismiss his appeal.

AND NOW, this 27th day of February, 2026, it is hereby ORDERED that:

1. The motions (Docs. 16, 17) to dismiss are GRANTED.

2. Mulkerin's appeals of the various bankruptcy court orders are DISMISSED as moot.

3. Mulkerin's motion (Doc. 14) for an extension of time is DENIED as moot.

4. The Clerk of Court shall CLOSE this case.

/S/ Keli M. Neary
Keli M. Neary
United States District Judge
Middle District of Pennsylvania